UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHAKIM JONES,

                    Plaintiff,

-against-

THE CITY OF NEW YORK and P.O. MICHAEL FUNG, Shield No. 03755, Individually and in his Official Capacity, SGT. CARLOS LEWIS, Shield No. 550, Individually and in his Official Capacity, P.O. DONALD SADOWY, Shield No. 13497, Individually and in his Official Capacity,

                    Defendants.

------------------------------------------------------------X

CV 13 4233

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

ROSS, J.

POHORELSKY, M.J.

      Plaintiff SHAKIM JONES, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SHAKIM JONES is an African American male and has been at all relevant times a resident of Kings County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. MICHAEL FUNG, SGT. CARLOS LEWIS, and P.O. DONALD SADOWY were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about March 14, 2012, at approximately 6:35 p.m., plaintiff SHAKIM JONES was in the vicinity of 836 Boyland Street, Brooklyn, New York, meeting his father.

14. At the aforesaid time and place, plaintiff was accosted by defendant officers with their guns drawn and ordered plaintiff to get on the ground.

15. The defendant officers searched plaintiff and despite the fact that they found nothing illegal they immediately placed plaintiff under arrest with his arms tightly behind his back and assaulted him.

16. Plaintiff was transported to a nearby precinct and charged with Conspiracy, Possession of a Controlled Substance, Criminally Using Drug Paraphernalia, Unlawful Possession of Marijuana and Unlawful Possession of a Firearm

17. At no time on March 14, 2012, did plaintiff SHAKIM JONES behave unlawfully in anyway.

18. At no time on March 14, 2012, did defendants have a reason to use such excessive force against plaintiff.

19. At no time on March 14, 2012, did plaintiff SHAKIM JONES act unlawfully in any way.

20. At no time on March 14, 2012, did defendants possess probable cause to arrest plaintiff.

21. At no time on March 14, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the District Attorney's Office.

23. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest, namely that defendant agreed with one or more persons to engage in and cause the performance of unlawfully possessing narcotic drugs with the intent to sell and that defendant possessed and air pistol.

24. As a result of his unlawful arrest, plaintiff SHAKIM JONES spent approximately two (2) days in police custody and approximately six (6) months making court appearances before all charges were dismissed on or about September 9, 2013.

25. As a result of the foregoing, plaintiff SHAKIM JONES sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff SHAKIM JONES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff SHAKIM JONES.

40. Defendants lacked probable cause to initiate criminal proceedings against plaintiff SHAKIM JONES.

41. Defendants acted with malice in initiating criminal proceedings against plaintiff SHAKIM JONES.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff SHAKIM JONES.

43. Defendants lacked probable cause to continue criminal proceedings against plaintiff SHAKIM JONES.

44. Defendants acted with malice in continuing criminal proceedings against plaintiff SHAKIM JONES

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, namely defendants fabricated evidence indicating plaintiff was involved in drug distribution.

46. Notwithstanding the perjurious and fraudulent conduct of defendants, SHAKIM JONES was acquitted of all charges on September 4, 2012.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" as if the same were more fully set forth at length herein.

49. Defendants created false evidence against plaintiff SHAKIM JONES.

50. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

51. Defendants misled the prosecutors by creating false evidence against plaintiff SHAKIM JONES and thereafter providing false testimony throughout the criminal proceedings, namely defendants fabricated evidence indicating plaintiff was involved in drug distribution.

52. In creating false evidence against plaintiff SHAKIM JONES, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. executing search warrants and arresting any and all individuals in said premises regardless of individualized probable cause;

   ii. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

   iii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

   iv. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

57. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   - **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her

knowledge or possession of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

62. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

63. The acts complained of deprived plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

64. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 26, 2013

BY: _____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10273
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com